# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Howard E. Leventhal.,

      Plaintiff,

v.

Travis Tomford et al.;

      Defendants.

Case No. 0:18-cv-320-PAM-KMM

**ORDER**

Howard E. Leventhal, # 46376-424, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, pro se.

      Mr. Leventhal has filed a "Memorandum of Law Regarding Capacity of Defendants, and Request for Additional Service." (ECF No. 19.) Because Mr. Leventhal seeks to add additional defendants, the Court interprets this request as a motion to file a second amended complaint. For the following reasons, Mr. Leventhal's motion is **DENIED WITHOUT PREJUDICE.**

## BACKGROUND AND PROCEDURE

      Mr. Leventhal filed his original complaint on February 5, 2018 (ECF No. 1), and amended his complaint once as a matter of right pursuant to Federal Rule of Civil Procedure 15 on May 31, 2018. (ECF No. 10.) Service of process has now been largely completed. (*See* ECF Nos. 33, 34.) On June 25, 2018, Mr. Leventhal made a motion to amend his complaint again. (ECF No. 19.) Mr. Leventhal did not submit a proposed second amended complaint with his motion. Instead, he submitted four names of individuals whom he wishes to add as defendants. (*Id.*) He also did not include any specific allegations against these individuals. Because there are no allegations listed, and because Mr. Leventhal has not provided a proposed second amended complaint, his pleadings do not meet the procedural requirements of Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1.

1

## ANALYSIS

Plaintiffs may amend pleadings once as a matter of right, but after that require the court's leave to do so again. Fed. R. Civ. P. 15. The court should freely give leave when justice so requires. *Id.* However, denial of leave to amend is fully within the discretion of the court, particularly when the proposed amendment would be futile. *United Steelworkers of America, AFL-CIO v. Mesker Bros. Industries, Inc.*, 457 F.2d 91, 93 (8th Cir. 1972) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). If the amendment would not survive a motion to dismiss, then that amendment is futile. *De Roche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1106 (D. Minn. 1996). In order to avoid dismissal, a complaint must allege enough facts for a claim for relief to be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, Mr. Leventhal has failed to provide the Court with a proposed amendment that is cognizable as such. Local Rule 15.1(b)(1) requires that a motion to amend be accompanied by a copy of the proposed amended pleading.[1] Furthermore, that amended pleading "must be complete in itself and must not incorporate by reference any prior pleading." Local Rule 15.1(a). Mr. Leventhal's Motion is not accompanied by a proposed second amended complaint. Instead, Mr. Leventhal simply identifies four additional defendants that he would like to add to the current action, and reiterates that his lawsuit is a *Bivens* action. (ECF No. 19 at 1.) Even if the Court could accept a non-compliant request to amend in light of Mr. Leventhal's status as a pro se complainant, he has not detailed in any way what allegations he seeks to add. For both reasons, his motion to amend must be denied.

Mr. Leventhal has also filed several additional documents: a "Memorandum to the Record Regarding Elder Inmate Abuse by Defendant Dr. Rice," (ECF No. 20), and two declarations of fellow inmates, which appear to contain communication with Duluth FPC health professionals. (ECF Nos. 21–22.) The purpose of these documents is unclear. If Mr. Leventhal hoped that these could serve as an amended

---

[1] Rule 15.1(b)(2) also requires "a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading." The Court would waive this requirement in the interest of practicality and justice, because Mr. Leventhal is a prisoner, and is unlikely to have access to sufficient word processing software to easily prepare a redlined version.

2

complaint, they cannot.  Not only would this place an undue burden on the Court and the defendants to construct a complaint for Mr. Leventhal, but the Court is unable to discern any clear cause of action from these documents.  Although as a pro se litigant Mr. Leventhal is held to a "less stringent standard[]" regarding the idiosyncrasies of federal civil procedure, *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)), he must still submit a complaint that gives the defendants notice of the allegations against them.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  Because he has not done so here, the Court cannot grant Mr. Leventhal's motion to amend based on this filing.

If Mr. Leventhal chooses to request leave to amend his complaint again, he should ensure that his proposed amended complaint comports with the requirements of Federal Rule of Procedure 8(a)(2), and contains "a short and plain statement of the claim showing that [he] is entitled to relief."  *Id.*  This requirement ensures that each individual defendant understands the claim against him.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In a § 1983 case, the complaint must include "direct or inferential allegations" of facts which, if true, would support each element necessary for Mr. Leventhal to obtain relief via his chosen legal theory.  *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015) (quoting *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 55 U.S. at 555); *see also Brooks*, 776 F.3d at 960–961 (finding that a pro se inmate's § 1983 claim was not adequately alleged where no factual assertions were made to support conclusory statements in the complaint).

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Mr. Leventhal's Motion to Alter/Amend/Supplement Pleadings with Memorandum of Law and Request for Additional Service (ECF No. 19) is **DENIED WITHOUT PREJUDICE**.

Date: August 17, 2018     *s/ Katherine Menendez*
　　　　　　　　　　　　　　　　　Katherine Menendez
　　　　　　　　　　　　　　　　　United States Magistrate Judge