# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

---

Howard Leventhal,

       Plaintiff,

v.

Travis Tomford, et al.,

       Defendants.

Case No. 0:18-cv-320-PAM-KMM

**ORDER**

---

The Defendants filed a letter request to the Court seeking permission to file a motion for reconsideration. (ECF No. 45.) They contend that Mr. Leventhal was improperly granted *in forma pauperis* ("IFP") status in this matter because he has more than "three strikes" pursuant to 28 U.S.C. § 1915(g), which prohibits granting IFP status to prisoners that have brought three actions or appeals while incarcerated that were later dismissed as frivolous, malicious, or failing to state a claim. Each failed action counts as a "strike" against the prisoner.

A district court has broad discretion in determining whether to allow a party to file a motion to reconsider. *Eckerson v. Blowers*, No. 07-cv-984, 2008 WL 239556, at *1 (D. Minn. Jan. 29, 2008). To obtain permission to file such a motion requires a party to show "compelling circumstances." D. Minn. LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

The Defendants' request for permission to file a motion for reconsideration is granted. Section 1915(g) states that "[i]n no event" should a prisoner be granted IFP status if they have three or more strikes against them.

In their letter, the Defendants highlighted more than three cases that Mr. Leventhal brought while incarcerated prior to the instant case, which have later been dismissed for frivolousness or failure to state a claim. Despite this, Mr. Leventhal was granted IFP status. Thus, they have raised an issue involving a potentially manifest error of law.

There is, however, an exception in § 1915(g) that may be applicable here. A prisoner who has three strikes against them may still bring an action under IFP status if that prisoner "is under imminent danger of serious physical injury." The bulk of Mr. Leventhal's Amended Complaint (ECF No. 10) concerns alleged deficiencies in the medical care that Mr. Leventhal receives at Federal Prison Camp Duluth. The Court concludes that on the basis of the pleadings and the Defendants' letter, there is not enough information to make a decision regarding this exception. Thus, the Court will permit the Defendants to file a motion for reconsideration. The Court will also permit Mr. Leventhal a response to this motion.

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. The Defendants' letter request (ECF No. 45) for permission to file a motion for reconsideration of the Court's Order granting Mr. Leventhal IFP status (ECF No. 14) is **GRANTED**.

2. Mr. Leventhal shall be permitted twenty-one (21) days from the date of filing of the Defendants' letter to file a response.

Date: September 6, 2018          *s/ Katherine Menendez*
                                 Katherine Menendez
                                 United States Magistrate Judge

2