UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard E. Leventhal., | Case No. 0:18-cv-320-PAM-KMM |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Travis Tomford et al.; | |
| Defendants. | |

Howard E. Leventhal, # 46376-424, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, pro se.

David W. Fuller, Assistant United States Attorney, United States Attorney's Office, 300 S. 4th St. Ste 600, Minneapolis, MN 55415, attorney for the defendants.

The plaintiff, Mr. Leventhal, filed a motion for entry of default under Rule 55(a) of the Federal Rules of Civil Procedure (ECF No. 62) and a motion for default judgment under Rule 55(b)(2) (ECF No.63) against defendant Sarah Revell after she failed to appear in this action. Ms. Revell has now responded. She indicates that she is represented by the United States Attorney's Office, who inadvertently omitted her name from the original notice of appearance in this case. (ECF No. 67; *see also* ECF No. 35.) At the same time that Ms. Revell responded to Mr. Leventhal's motions, a corrected notice of appearance was filed, which included Ms. Revell's name. (ECF No. 66.) Ms. Revell requests that the original notice be deemed *nunc pro tunc* to have included her name, and that the Court's September 6, 2018 Order, which granted defendants until November 1, 2018 to answer Mr. Leventhal's amended complaint, be deemed to apply to Ms. Revell as well. (ECF No. 67 at 1.)

"An entry *nunc pro tunc* is an entry made now of something which was previously done, to have effect as of the former date…to supply on the record something which has actually occurred but has been omitted from the record through

inadvertence or mistake." *Matthies v. Railroad Retirement Bd.*, 341 F.2d 243, 246 (8th Cir. 1965) (quotation omitted). A *nunc pro tunc* entry is intended to correct "the inadvertences of counsel" so that the record may be accurate. *Id.* "All courts have the inherent power to enter orders *nunc pro tunc*." *Id.* However, a *nunc pro tunc* order "cannot supply an order which in fact was not previously made." *Matos by Rivera v. Secretary of Dept. of Health and Human Servs.*, 35 F.3d 1549, 1553 (Fed. Cir. 1994) (quoting *Crosby v. Mills*, 413 F.2d 1273, 1277 (10th Cir. 1969)).

A *nunc pro tunc* order is appropriate here. Ms. Revell was represented and intended to appear in this case when the original notice of appearance was filed, but her name was omitted due to the "inadvertences of counsel." *Matthies*, 341 F.2d at 246. Thus, deeming her to have appeared at the time of the original notice of appearance, on August 10th, will correct this mistake and ensure that the record is accurate. Similarly, this Court's Order granting the defendants until November to answer the amended complaint should also apply to Ms. Revell.

Because Ms. Revell should be considered to have appeared on August 10th, 2018, an entry of default against her is not appropriate, and neither is default judgment.

Based on the foregoing, **IT IS HEREBY RECOMMENDED THAT**:

1. Mr. Leventhal's Motion for Entry of Default by Clerk Under Rule 55(a) Against Defendant Sarah Revell (ECF No. 62) be **DENIED**.

2. Mr. Leventhal's Motion for Default Judgment under 55(b)(2) (ECF No. 63) be **DENIED**.

3. An order deeming Ms. Revell, *nunc pro tunc*, to have appeared on August 10, 2018 with the original notice of appearance.

Date: October 5, 2018              *s/ Katherine Menendez*
                                   Katherine Menendez
                                   United States Magistrate Judge

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.