UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard E. Leventhal,<br><br>    Plaintiff,<br><br>v.<br><br>Travis Tomford,<br>Victor Rigling,<br>Rachel Mark,<br>Sarah Hutchings,<br>Loretta Lynch,<br>Sarah Revell,<br>Benjamin Rice,<br>Doctor Francia,<br>Barbara Sullivan,<br>Scott Moats,<br>M. Segal,<br>Michael Borucky,<br>Michael Gillum, and<br>Persons Unknown,<br><br>    Defendants. | File No. 18-cv-320 (ECT/KMM)<br><br><br><br><br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

  Plaintiff Howard E. Leventhal ("Leventhal") has filed an objection [ECF No. 78] to the October 5, 2018 Report and Recommendation ("R&R") of United States Magistrate Judge Katherine M. Menendez [ECF No. 76]. The R&R recommends that the Court deny Leventhal's motions for entry of default [ECF No. 62] and for default judgment [ECF No. 63] as to Defendant Sarah Revell ("Revell"). The Court has reviewed the R&R de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

  Upon review, the Court adopts the R&R in full. For the reasons described in the R&R, the Court, *nunc pro tunc*, will deem Revell represented as of her counsel's

August 10, 2018 Notice of Appearance [ECF No. 35], from which Revell's name was inadvertently omitted. As a result of this *nunc pro tunc* order, the Court's September 6, 2018 order granting Defendants through November 1, 2018 to respond to the Amended Complaint [ECF No. 50] will also apply to Revell.

In his objection, Leventhal argues that, as a procedural matter, Revell's request for an order correcting the record *nunc pro tunc* should have been styled as a motion for relief from a judgment or order under Rule 60(b), and that Revell cannot satisfy the applicable standard under that rule. But Rule 60(b) applies, by its own terms, only to "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Neither the original notice of appearance nor the September 6, 2018 order extending Defendants' answer deadline is a "final judgment, order, or proceeding." By contrast, Rule 60(a) permits courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed R. Civ. P. 60(a). Moreover, courts may issue such corrections under Rule 60(a) "on motion or on its own, with or without notice." *Id*. Relief is appropriate here both under the Court's inherent authority and under Rule 60(a) to correct the inadvertent oversight or omission of Revell's counsel.

Even if Leventhal were correct that Revell's request was procedurally improper, the Court would nevertheless deny the motions for entry of default and for default judgment because Revell's opposition to those motions demonstrated her intent to defend. Particularly given the preference for resolving claims on their merits rather than through default, *see* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2691 (4th ed.), "[a]cts that show an intent to defend have frequently

prevented a default even though not connected to any particular rule." Fed. R. Civ. P. 55 advisory committee's note to 2007 amendment. Revell has demonstrated her intent to defend against Leventhal's claims, and the Court will permit her an opportunity to do so.

Based on the foregoing, and on all of the files, records, and proceedings in the above-captioned matter, the Court **ADOPTS** the R&R [ECF No. 76]. Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Entry of Default by Clerk Under Rule 55(a) Against Defendant Sarah Revell [ECF No. 62] is **DENIED**;

2. Plaintiff's Motion for Default Judgment Under Rule 55(b)(2) [ECF No. 63] is **DENIED**; and

3. Defendant Sarah Revell is deemed, *nunc pro tunc*, to have appeared on August 10, 2018 with the original notice of appearance.

Dated: October 17, 2018    s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court Judge