# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Howard E. Leventhal.,

        Plaintiff,

v.

Travis Tomford et al.;

        Defendants.

Case No. 0:18-cv-320-ECT-KMM

**ORDER**

---

Howard E. Leventhal, # 46376-424, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, pro se.

---

Mr. Leventhal has several motions pending before this Court: Motion for Special Master and to Join Chief Deputy US Marshal and United States Attorney as Co-Defendants (ECF No. 40); and Motion for Leave to File Second Amended Complaint and for Telephonic Status Conference (ECF No. 42). Although many of Mr. Leventhal's motions have been filed in a single compound document, the Court will address each individually, as if they were individually filed. For the reasons described below, Mr. Leventhal's motions are denied.

1.     Motion for Special Master (ECF No. 40)

Mr. Leventhal's motion to appoint a special master is DENIED. Rule 53 of the Federal Rules of Civil Procedure and the caselaw interpreting it make very clear that special masters are rarely appointed, and should be employed only when the unique complexities of the case or the court's docket so require. *See* Advisory Committee Notes to the 2003 Amendment of Fed. R. Civ. P. 53; *see, e.g.*, *In re Armco, Inc.*, 770 F.2d 103, 105 (8th Cir. 1985). None of the circumstances justifying such an appointment are present here. First, there is no need for an accounting or complex computation of damages as contemplated by Rule 53(1)(B)(ii). Although Mr.

Leventhal indicates that he will seek such an accounting, none has been ordered, and the Court cannot see any likely basis that such a mechanism will be necessary in this case.

Similarly, the other situations that might trigger the need to appoint a special master are absent in this case. The parties have not consented to appointment of a special master. *See* Fed. R. Civ. P. 53 (a)(1)(A). Nor are there exceptional circumstances in this matter. Although admittedly unclear from Mr. Leventhal's motion, it appears as though one of Mr. Leventhal's purported exceptional circumstances is that he alleges a far-reaching conspiracy amongst the United States' Attorney's Office and the United States Marshal Service to prevent service of defendants in prisoner cases. (*See* ECF No. 40, 1–2.) While certainly an exceptional claim, the allegation of a conspiracy, even amongst government officials, is not an exceptional circumstance as contemplated by Rule 53. Finally, there is no indication that there are motions that cannot be timely handled by the district judge or magistrate judge in this litigation. *See* Fed. R. Civ. P. 53(a)(1)(C). In sum, there is no basis in the record for the appointment of a special master in this case, and Mr. Leventhal's motion is denied.

2. Motion to Join Chief Deputy US Marshal and United States Attorney as Co-Defendants (ECF No. 40)

Mr. Leventhal's motion to join the Chief Deputy United States Marshal and the United States Attorney's Office for the District of Minnesota as co-defendants (ECF No. 40) is DENIED WITHOUT PREJUDICE. The Court construes this motion as a motion for leave to file an amended complaint. Plaintiffs may amend pleadings once as a matter of right, but after that require the court's leave to do so again. Fed. R. Civ. P. 15. The court should freely give leave when justice so requires. *Id.* However, denial of leave to amend is fully within the discretion of the court, particularly when the proposed amendment would be futile. *United Steelworkers of America, AFL-CIO v. Mesker Bros. Industries, Inc.*, 457 F.2d 91, 93 (8th Cir. 1972) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). If the amendment would not survive a motion to dismiss, then that amendment is futile. *De Roche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1106 (D. Minn. 1996). In order to avoid dismissal, a complaint must allege enough facts for a claim for relief to be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mr. Leventhal has alleged no facts against the United States Attorney's Office for the District of Minnesota or the Chief Deputy

United States Marshal that state a claim upon which relief can be granted. Therefore, Mr. Leventhal's motion must be denied as futile.

      3.      Motion for Leave to File Second Amended Complaint (ECF No. 42)

      Mr. Leventhal's motion to file a second amended complaint is also DENIED WITHOUT PREJUDICE. Mr. Leventhal's motion is nothing more than a restyling of his previous "Memorandum of Law Regarding Capacity of Defendants, and Request for Additional Service." (ECF No. 19), which this Court previously construed as a motion to file a second amended complaint and denied. The Court denies Mr. Leventhal's current motion for the same reasons. First, he has failed to submit a proposed amended complaint that is complete. An amended pleading "must be complete in itself and must not incorporate by reference any prior pleading." Local Rule 15.1(a). Although Mr. Leventhal has attached a proposed second amended complaint to his motion, it merely incorporates several documents by reference instead of setting forth the requirements of Federal Rule of Civil Procedure 8(a)(1)–(3). Most notably, Mr. Leventhal's proposed second amended complaint does not contain any information that would give the defendants notice of the allegations against them. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). For these reasons, the Court will deny Mr. Leventhal's motion.

      4.      Motion for Telephonic Status Conference (ECF No. 42)

      Mr. Leventhal's motion for a telephonic status conference is DENIED WITHOUT PREJUDICE. The Court believes a telephonic status conference would be premature at this stage of the litigation, since responsive pleadings are not due until November 1, 2018.

      Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Mr. Leventhal's Motion for Special Master (ECF No. 40) is DENIED.

2. Mr. Leventhal's Motion to Join Chief Deputy U.S. Marshal and United States Attorney as Co-Defendants (ECF No. 40) is DENIED WITHOUT PREJUDICE.

3. Mr. Leventhal's Motion for Leave to File Second Amended Complaint (ECF No. 42) is DENIED WITHOUT PREJUDICE.

4. Mr. Leventhal's Motion for Telephonic Status Conference (ECF No. 42) is DENIED WITHOUT PREJUDICE.


Date: October 29, 2018                    _s/ Katherine Menendez_
                                          Katherine Menendez
                                          United States Magistrate Judge