UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard E. Leventhal., | Case No. 0:18-cv-320-ECT-KMM |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Travis Tomford et al.; | |
| Defendants. | |

Howard E. Leventhal, # 46376-424, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, pro se.

David W. Fuller, Assistant United States Attorney, United States Attorney's Office, 300 S. 4th St. Ste 600, Minneapolis, MN 55415, attorney for the defendants.

Mr. Leventhal has filed several motions in a single document: Motion for Appointment of Counsel, Motion to Deem Summonses Served, and Motion for Default or Partial Summary Judgment (ECF No. 37). For the reasons described below, it is recommended that Mr. Leventhal's each of motions be denied.

### 1.    Motion for Appointment of Counsel

The Court recommends that Mr. Leventhal's motion for appointment of counsel by denied without prejudice. There is no right to an attorney in any civil action. *Philips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, a court may, in its discretion, request an attorney to represent a civil litigant unable to afford counsel on their own. *Id.*; *see also* 28 U.S.C. § 1915(e)(1). Factors that a court considers in making this determination include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity

of the legal arguments." *Id.* Here, the Court finds that none of these factors necessitate an appointment of counsel at this stage.

First, matters before the Court in this litigation are not particularly complex. Mr. Leventhal has raised two main issues within his Amended Complaint (ECF No. 10): whether the defendants have committed contempt by ignoring Mr. Leventhal's sentencing court's recommendation regarding Mr. Leventhal's medical care, and whether the medical care Mr. Leventhal is receiving at FPC Duluth is so deficient so as to constitute a violation of the Eighth Amendment. (*See* ECF No. 10 at 2–4.) Both issues require a simple fact determination, a reality that weighs against the appointment of counsel. Second, there is no testimony in the record at this stage, so there is no conflicting testimony for which assistance of counsel might be needed. *See Philips*, 437 at 794. Third, Mr. Leventhal's claims require information easily available to him. His arguments largely depend on his own medical records, the information provided by him to the prison, and the course and frequency of treatment that Mr. Leventhal receives. *See id.* Finally, the Court finds that the legal arguments, much like the factual issues in this case, are not complex, and there is no indication that Mr. Leventhal is incapable of presenting his claims. Indeed, Mr. Leventhal is a prolific litigator familiar with the federal court system. Under these circumstances, the Court determines that it is not necessary at this time to appoint counsel for Mr. Leventhal.

### 2. Motion to Deem Summonses Served

The Court recommends that Mr. Leventhal's motion to deem summonses served be denied. On August 13, 2018, Mr. Leventhal requested that this court deem defendants constructively served as of June 18, 2018, the date that summonses in this case were issued. The majority of defendants—Gillium, Hutchings, Lynch, Mark, Moats, Revell, Rice, Segal, Sullivan, and Tomford—were served between the dates of July 16, 2018 and July 23, 2018. These defendants have been actually served, and thus Mr. Leventhal's motion is moot with regard to them.

Defendants Borusky, Francia, and Rigling have not been served. Each summons addressed to them was returned unexecuted on August 6, 2018. There is no evidence in the record to suggest that defendants Borusky, Francia, or Rigling have any notice—constructive or actual—of this lawsuit. Regardless of notice, this Court is "without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory

requirements." *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982). Indeed, "[t]his principle remains true *despite any actual notice* a defendant may have of the lawsuit." *Id.* (emphasis added). Mr. Leventhal has failed to point to any authority that suggests otherwise. Thus, Mr. Leventhal's motion to deem summonses served should be denied.

### 3.   Motion for Default or Partial Summary Judgment

Finally, the Court recommends that Mr. Leventhal's motion for default or partial summary judgment be denied. Mr. Leventhal states that this motion is predicated on the granting of his previous motion to deem summonses served. (*See* ECF No. 37 at 2.) Since the Court recommends denial of the motion to deem summonses served, it is recommended that the Court deem the motion for default or partial summary judgment withdrawn. Alternatively, the Court should deny the motion because neither default judgment nor summary judgment are appropriate here.

Default judgment is not appropriate where, as here, the defendants are not in default. The defendants that have been served in this case have appeared and received an extension until November 1, 2018 for their responsive pleading. (*See* ECF Nos. 35, 49, 79). Thus, default judgment is not warranted. *See* Fed. R. Civ. P. 55 (a)–(b). Similarly, summary judgment should be denied because the motion is premature. The defendants have not yet filed any responsive pleading, nor have any discovery requests been answered or even sought. *See Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, LLP*, 687 F.3d 1045, 1049 (8th Cir. 2012) ("As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery."); *see also LeMond v. Stinchfield*, No. 17-cv-2071 (JRT/TNL), 2017 WL 6880004 at *3 (D. Minn. Dec. 13, 2017) (recommending denial of a summary judgment request as premature because no discovery had yet occurred), *order adopting report and recommendation*, 2018 WL 333502 (D. Minn. Jan. 8, 2018). Against the current factual backdrop of this case, neither default nor summary judgment is proper, and the Court recommends denial of Mr. Leventhal's motion.

Based on the foregoing, **IT IS HEREBY RECOMMENDED THAT**:

1. Mr. Leventhal's Motion for Appointment of Counsel, Motion to Deem Summonses Served, and Motion for Default or Partial Summary Judgment (ECF No. 37) be **DENIED**.


Date: October 29, 2018                          *s/ Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge


**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.