# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard E. Leventhal., | Case No. 0:18-cv-320-ECT-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Travis Tomford et al.; | |
| Defendants. | |

      The Defendants have filed a motion for this Court to reconsider its earlier order granting Mr. Leventhal *in forma pauperis* ("IFP") status. (ECF No. 58; *see* Order, ECF No. 14.) For the reasons stated below, the Court GRANTS the Defendants' motion.

      The Plaintiff, Mr. Leventhal, is currently incarcerated in Federal Prison Camp Duluth, and has been since the beginning of the underlying litigation. When Mr. Leventhal filed this lawsuit, he also applied to proceed under IFP status, which permits an incarcerated litigant to initiate and prosecute a lawsuit without paying the required statutory filing fee upfront, and instead paying it in installments. *See* 28 U.S.C. § 1915(b). This Court granted Mr. Leventhal's application. (Order, ECF No. 14.) The Defendants then filed a letter to this Court, arguing that Mr. Leventhal meets the "three strikes" rule as laid out in the Prison Litigation Reform Act, which would render him ineligible for IFP status in most cases. (ECF No. 45.) This three strikes rule provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g). This provision denies the benefits of the PLRA, namely the ability to pay a filing fee in installments over time, to incarcerated litigants who overuse the court system. The Defendants requested permission to file a motion to reconsider pursuant to Local Rule 7.1(j), which this Court granted.

The Defendants have provided the Court with records of Mr. Leventhal's prolific history of litigation while incarcerated. Since his incarceration began on September 11, 2015, he has filed at least six civil lawsuits or appeals: *Leventhal v. Boline*, 18-C-181 (E.D. Wi. May 2, 2018) (dismissing complaint as frivolous); *Leventhal v. Columbia University*, 17-cv-5388 (BMC) (E.D.N.Y. Sept. 18, 2017) (dismissing complaint for failure to state a claim); *Leventhal v. Rios*, 17-cv-5441 (PAM/KMM) (D. Minn. June 26, 2018) (dismissing case for lack of jurisdiction); *Leventhal v. Paes*, 17-cv-2496 (BMC) (E.D.N.Y. May 10, 2017) (dismissing complaint for failure to state a claim), *appeal dismissed*, *Leventhal v. Paes*, USCA No. 17-1670 (2d Cir. Jan 11, 2018) (dismissing appeal as frivolous); *Leventhal v. Paes*, 16-cv-3677 (BMC) (E.D.N.Y. July 27, 2016) (dismissing complaint for failure to state a claim). Five of these cases clearly meet the requirement for a "strike" against Mr. Leventhal because they have been dismissed either as frivolous or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Because Mr. Leventhal has five strikes against him, the Court concludes that unless Mr. Leventhal is under imminent danger of serious physical injury, he is no longer eligible for IFP status. *Id.*

The standard for what constitutes imminent danger of serious physical injury is somewhat amorphous. However, a review of the applicable case law provides some guidelines. The claim of physical threat must be "specific and genuine." *Jacobs v. Sletten*, No. 11-cv-548 ADM/AJB, 2011 WL 13202226 at *2 (D. Minn. Apr. 7, 2011). Vague, conclusory, or speculative concerns do not rise to the level of injury recognized by the statute. *See, e.g.*, *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Specific fact allegations are required. *Id.* Additionally, there is a temporal requirement: imminent danger must exist at the time of the filing of the complaint, rather than being a past harm or a harm that may theoretically occur at some time in the future. *Id.*

Mr. Leventhal's amended complaint provides no support to his claim that he is in imminent danger of serious physical injury. He first makes a vague assertion to "escalating and imminent failure of his unique, exotic, organ reconstruction surgery," but fails to provide any facts or details to support this conclusion. (ECF No. 10 ¶ 1.)

This lack of detail leaves the Court unable to conclude that he is imminent danger of serious injury. *See Martin*, 319 F.3d at 1050 (specific factual allegations of harm required). Mr. Leventhal also claims that he is at nine times greater risk of death because he has both a Crohn's disease diagnosis and a history of an ileoanal anastomosis reconstruction. (ECF No. 10 ¶ 3.) Assuming this is true, it still fails to trigger the 1915(g) exception, because a general higher risk of death caused by medical conditions is not an imminent risk of death. Further, the relief sought in this case cannot prevent Mr. Leventhal's enhanced risk of mortality. Mr. Leventhal demands transfer to the Chicago Salvation Army RRC as relief in this case. (ECF No. 10 ¶ 7.) Even if this were an appropriate form of relief, a transfer to the facility at which Mr. Leventhal would prefer to be incarcerated would not alleviate the risk of death associated with his comorbid conditions. *E.g.*, *Perry v. Boston Scientific Family*, No. 13-cv-733 (JRT/TNL), 2013 WL 6328760 at *2 (D. Minn. Dec. 5, 2013) (requiring a "nexus" between imminent health concerns and the claims asserted in the lawsuit); *see also Fleming v. Riehm*, No 16-cv-3116 PJS/SER, 2016 WL 7177605 at *2 (D. Minn. Dec. 9, 2016).

Mr. Leventhal raised additional physical concerns in his briefing related specifically to the motion to reconsider. He did not elaborate or expand upon the issues in his complaint, but instead cited new concerns stemming from a stricture, or narrowing, within his urethra caused by scar tissue from an early childhood surgical procedure. (*See* Oct 21, 2018 Leventhal Decl. ¶¶ 1, 2, Exs. A, B.) Mr. Leventhal suffers from occasional kidney stones, which he claims are exacerbated by this stricture. (*Id.* Ex. A.) He further claims, by his own conjecture and without credible medical evidence, that he fears his urethral and penile walls will rupture due to built-up pressure caused by a kidney stone blocked by the stricture within his urethra. (*Id.* at ¶ 5, Ex. A.) He argues, again without medical evidence, that only potassium citrate tablets can prevent this extreme injury. (*Id.* at ¶ 4.) Mr. Leventhal's additional concerns are not credible, nor do they rise to the level of seriousness recognized by the exception to § 1915(g).

First, Mr. Leventhal claims of irreparable harm are not credible because they are based on conjecture with no factual support. *See Martin*, 319 F.3d at 1050. Significantly, Mr. Leventhal has previously been prescribed the very drug he claims will prevent his injury, but was non-compliant with the medication. On February 5th, 2018—the same day that Mr. Leventhal filed this lawsuit—the Clinical Director at

3

FPC Duluth, Dr. Benjamin Rice, prescribed Mr. Leventhal potassium citrate for the prevention of kidney stones. (Decl. of Dr. Benjamin Rice, ECF No. 60 ¶ 9.) However, Mr. Leventhal never picked up the prescription. *Id.* Mr. Leventhal had a history of previous noncompliance with potassium citrate as well. *Id.* Even if Mr. Leventhal credibly claimed that he was at risk of imminent serious physical harm from the lack of potassium citrate, he has caused that risk. This fact seriously damages Mr. Leventhal's credibility.

Second, the remote possibility of a catastrophic injury is not the "imminent harm" contemplated by the statute. Even if the Court were to accept Mr. Leventhal's medical assessment of his condition, Mr. Leventhal has not provided any support for the allegation that his potential urethral and penile wall rupture is imminent. In fact, the only support he provides for his conclusion that he is at risk for a catastrophic tissue failure is a previous kidney stone incident that ultimately resolved itself without need for medical intervention. (Leventhal Decl. ¶ 5.) A past incident, or unsupported speculations of a future incident is not "imminent." *Martin*, 319 F.3d at 1050. Therefore, Mr. Leventhal's additional physical concerns do not meet the level of "imminent danger of severe physical harm" that is required for the safety valve of 1915(g) to apply.

It is the Court's conclusion that because he has more than three strikes and he is not in imminent danger of severe physical harm, Mr. Leventhal's original IFP petition (ECF No. 2.) should not have been granted.

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. The Defendants' Motion to Reconsider (ECF No. 58) is GRANTED. The Court's Order granting IFP status to Mr. Leventhal (ECF No. 14) is vacated in part and Mr. Leventhal's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is DENIED. No other portion of the Court's Order at ECF 14 is affected by this Order.

2. Mr. Leventhal must pay the full filing fee of $350.00, less $15.85, which he has already paid (*see* ECF No. 13), within fourteen (14) days of this Order. **Failure to pay the full amount at this time will result in a recommendation of dismissal for failure to prosecute**.

3. If Mr. Leventhal pays the full filing fee in accordance with paragraph 2 of this Order, the Defendants are ordered to respond to Mr. Leventhal's Motion for Temporary Restraining Order (ECF No. 25) within fourteen (14) days of the date of Mr. Leventhal's full payment. The Defendants must respond to Mr. Leventhal's amended complaint within twenty-one (21) days of the date of Mr. Leventhal's full payment.

Date: December 6, 2018

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge